**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4326

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSHUA JERMAINE DURANTE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. James C. Dever III, District Judge. (4:20-cr-00034-D-1)

Submitted: February 24, 2022                    Decided: February 28, 2022

Before GREGORY, Chief Judge, and NIEMEYER and KING, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** Mark A. Jones, BELL, DAVIS & PITT, PA, Winston-Salem, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Jermaine Durante pled guilty, pursuant to a written plea agreement, to Hobbs Act robbery, in violation of 18 U.S.C. § 1951; brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The district court sentenced Durante to 366 months' imprisonment. On appeal, Durante's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court correctly calculated Durante's criminal history category and whether the sentence is substantively reasonable. Durante has filed a pro se supplemental brief asserting that the district court lacked jurisdiction, that his guilty plea was not valid, and that counsel provided ineffective assistance. The Government moves to dismiss the appeal pursuant to the appeal waiver in Durante's plea agreement. We affirm in part and dismiss in part.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). Upon review of the record, including the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Durante knowingly and voluntarily waived his right to appeal his sentence and that the sentencing issues he raises on appeal fall squarely within the scope of the waiver. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope.

The waiver provision, however, does not preclude our review of the validity of the guilty plea pursuant to *Anders*. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). We therefore deny in part the Government's motion to dismiss. Because Durante did not seek to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016); *see United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (discussing plain error standard). Our review of the record leads us to conclude that Durante entered his guilty plea knowingly and voluntarily, that a factual basis supported the plea, and that his guilty plea is valid. *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). We also readily conclude that the district court possessed jurisdiction over the offenses with which Durante was charged. 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.").

With respect to Durante's allegations of ineffective assistance of counsel, we do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). Durante fails to meet this high standard, and his claim "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Id.* at 508.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of Durante's valid appellate waiver. We therefore dismiss the appeal as to all issues within the scope of the waiver and affirm the remainder of the district court's judgment. This court requires that counsel

inform Durante, in writing, of the right to petition the Supreme Court of the United States for further review. If Durante requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Durante as appropriate.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*